ALBERT E. REYNOLDS, RESPONDENT, *v.* WILLIAM D. SWICK, APPELLANT.

*Practice — when a new trial may be had in a County Court on appeal from a justice's judgment — Code of Civil Procedure, sec.* 3068.

In an action of replevin brought in a Justice's Court the complaint alleged that the property was of the value of $150, and the answer admitted it to be of the value of $130. The justice rendered a judgment that the plaintiff retain the property and recover eight dollars and forty-eight cents costs, but he failed to fix the value of the property. Upon an appeal taken by the defendant to the County Court:

*Held,* that he was entitled to a new trial, under section 3068 of the Code of Civil Procedure; that in the absence of any finding by the justice as to the value of the property it might be determined by the pleadings.

*Merrill* v. *Pattison* (44 How., 289) followed.

APPEAL from an order of the County Court of Niagara county, denying the appellant a new trial in that court on an appeal

from a judgment in favor of the plaintiff rendered in a Justice's Court.

*E. M. & F. M. Ashley,* for the appellant.

*Henry M. Davis,* for the respondent.

Haight, J.:

This action was brought in a Justice's Court of Niagara county to recover the possession of a horse, with damages for the unlawful detention thereof. The justice rendered a judgment in favor of the plaintiff that he retain the possession of the property, and that he recover the sum of eight dollars and forty-eight cents costs. The justice, in his judgment, fails to assess the value of the property replevied. From the judgment so rendered the defendant appeals to the County Court of Niagara county, and in his notice of appeal demands a new trial in that court. The complaint alleged the value of the property to be the sum of $150, and demands judgment for the amount of twenty-five dollars for the unlawful taking and detention thereof. The answer admits the value of the property to be $130. The County Court, upon motion by the respondent to have the appeal determined to be one not for a new trial, held and decided that the defendant was not entitled to a new trial in that court; that the appeal must be heard upon questions of law only. From the order entered upon this motion, appeal was taken to this court.

Section 3068 of the Code provides that " where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars; or where in an action to recover a chattel the value of the property *as fixed,* together with the damages recovered, if any, exceeds fifty dollars, the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto, whether the defendant was or was not present at the trial."

Inasmuch as this action was to recover a chattel, the question upon this appeal turns upon the determination as to whether or not the value of the property as fixed exceeds fifty dollars. The Justices' Court in its judgment neglected to fix the value of the

property, so that it remains to be determined as to whether or not the value is fixed by the pleadings in the case. If so, we are of the opinion that it is within the provisions of the section which would permit a new trial. The complaint, as we have seen, alleges the value to be $150. The answer alleges the value to be $130; so that by these pleadings it appears that the value is at least $130, and that it therefore exceeds the sum of fifty dollars. We are of the opinion that the defendant was, within the provisions of the section, entitled to a new trial.

The case of *Merrill* v. *Pattison* (44 How., 289) was a decision of the old General Term of this district, and sustains our construction of the above section of the Code. It is urged on the part of the respondent that this case is not applicable for the reason that there has been a change in the phraseology of the Code. But it appears to us that the change in the Code tends to weaken rather than strenghten the position of the respondent. The Code as it then read was, "if the value of the property *as assessed*," etc., shall exceed fifty dollars. The words "*as fixed*" are now substituted in the place of the words "*as assessed*," and it appears to us that the change was made for the purpose of placing the question beyond doubt. The value of the property may be fixed by the pleadings or by the judgment of the court, in either case if it exceeds fifty dollars the appellant is entitled to a new trial.

The order should be reversed, with ten dollars costs and disbursements.

BARKER and BRADLEY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.